**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**IZAR KHAN,**

      **Petitioner,**

    **v.**

**LUIS SOTO, et al.,**

      **Respondents.**

**Civil Action No. 26-0856 (SDW)**

**OPINION**

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Izar Khan, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2.      Respondents Delaney Hall Warden Luis Soto, Immigration and Customs Enforcement (ICE) Newark Field Office Acting Director Jonathan Florentino, ICE Acting Director Todd M. Lyons, and Department of Homeland Security ("DHS") Secretary Kristi Noem oppose the Petition. (ECF No. 4).

3.      Petitioner is a citizen of Pakistan and has been detained by ICE since February 7, 2025. (ECF No. 1 ¶¶ 1, 13). He was apprehended by Border Control after crossing the border and was processed under expedited removal procedures. (*Id.* ¶ 20).

4.      DHS initiated protection screening after Petitioner expressed fear of persecution. (*Id.* ¶ 21). An asylum officer conducted an interview on March 7, 2025 and concluded that Petitioner had established a credible fear of persecution. (*Id.*; *see also* ECF No. 4 at 2). Petitioner remained in detention. (ECF No. 1 ¶ 22).

5.      DHS issued a Notice to Appear ("NTA") commencing removal proceedings on August 16, 2025.  (*Id.*).  Petitioner was charged with removability pursuant to Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i), 212(a)(7)(A)(i)(I) for being present in the United States without being admitted or paroled and for lacking valid documentation.  (ECF No. 4-2 at 5); *see also* 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(l).

6.      An immigration judge conducted a merits review of Petitioner's status on November 4, 2025 and ordered him removed to Pakistan.  (ECF No. 1-4).  Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on November 18, 2025.  (ECF No. 4-4 at 2).  That appeal remains pending.  (ECF No. 4 at 2).

7.      Petitioner argues that his detention has become overly prolonged pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).  (ECF No. 1 ¶ 26).  He seeks an individualized bond hearing where the United States bears "the burden of establishing that [he] poses a flight risk or a danger to the community, and that continued detention is justified."  (*Id.* ¶ 34).  He further argues that Respondents "denied parole (or failed to meaningfully consider parole) through a process that is boilerplate, conclusory, unsupported by individualized reasoning, and not supported by a reviewable administrative record, contrary to the governing parole regulations and internal procedures."  (*Id.* ¶ 41).

8.      Respondents argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) "because he was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) passed a credible-fear screener interview for an asylum claim."  (ECF No. 4 at 1-2).  They assert his ongoing detention complies with due

2

process and that DHS's decision not to release Petitioner on parole is an unreviewable discretionary decision. (*Id.* at 2-5)

9.       Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10.       Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11.       Noncitizens who are detained pursuant to § 1225(b) have no statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018). However, noncitizens who are subject to prolonged detention may be entitled to a bond hearing should their detention become so prolonged as to become arbitrary.

12.       The Supreme Court and the Third Circuit have not directly addressed the extent of due process rights for noncitizens detained pursuant to § 1225(b), but other district courts have applied the standard the Third Circuit announced in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020) in considering a due process challenge to prolonged detention pursuant to 8 U.S.C. § 1226(c). *See, e.g., Rodriguez Chavez v. Holman,* No. 1:25-cv-00267, 2026 WL 136902, at *3 (W.D. Pa. Jan. 20, 2026); *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019).

3

13.     This Court is persuaded by the reasoning of these courts and will apply the *German Santos* factors, which are: "(1) the duration of the petitioner's detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of the petitioner's confinement." *Rodriguez Chavez*, 2026 WL 136902, at *3 (citing *German Santos*, 965 F.3d at 212).

14.     "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211.  Petitioner has been detained since February 7, 2025.  (ECF No. 1 ¶¶ 1, 13).  "Detention of this duration substantially exceeds the allowable periods the Supreme Court has described as typical when upholding mandatory detention statutes against facial challenge."  *Ibrahim v. Rokosky, et al.*, No. 25-cv-17189, 2026 WL 296506, at *3 (D.N.J. Feb. 4, 2026).  However, "the duration of confinement by itself does not rise to the level of a due process violation." *Geincharles v. Rokosky*, No. 26-cv-00150, 2026 WL 266093, at *4 (D.N.J. Feb. 2, 2026).

15.     For the second factor, this Court concludes Petitioner's detention is likely to continue.  His appeal to the BIA was filed on November 18, 2025.  (ECF No. 4-4 at 2).  That appeal remains pending.  (ECF No. 4 at 2).  Given the influx of immigration habeas cases filed in this District and throughout the country, the appeal may take many months to resolve.  "[I]f the BIA rejects his appeal, he has the right to petition for judicial review.  'When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable.'" *Rodriguez Chavez*, 2026 WL 136902, at *3 (quoting *German Santos*, 965 F.3d at 211).

16.     There is no evidence in the record that either party bears responsibility for any delays in Petitioner's immigration proceedings.  Therefore, this Court considers this factor to be neutral.

17.    Finally, "Petitioner is confined in a secure detention facility under conditions comparable to penal incarceration." *Id.*  This Court takes judicial notice that at least one detainee has died in custody at Delaney Hall after a medical emergency. *See* Tracey Tully and Luis Ferré-Sadurní, *ICE Detainee Dies After Being Held at a Troubled Jailhouse in Newark*, N.Y. Times (Dec. 19, 2025), *available at* https://www.nytimes.com/2025/12/19/nyregion/ice-detainee-death-newark.html.

18.    The determination on reasonableness of detention is "highly fact specific." *Dryden v. Green*, 321 F. Supp. 3d, 496, 502 (D.N.J. 2018) (internal quotation marks omitted).  Respondents have described the current circumstances as an "unprecedented period of immigration filings in one of the hardest hit districts in the country."  Letter of Jordan Fox, Chief of Staff & Associate Deputy Attorney General, *Kumar v. Soto*, No. 26-cv-777 (D.N.J. Feb. 13, 2026) (ECF No. 21). After considering the record and totality of the circumstances, this Court finds that Petitioner's detention has become unreasonably prolonged and amounts to an arbitrary deprivation of his liberty.

19.    Specifically, this Court relies on the length of Petitioner's detention (approaching 12 months), the probability that his detention will continue given the substantial immigration filings before the BIA and courts of appeals, and the conditions of confinement at Delaney Hall. "[T]he Due Process Clause does not permit the Government to detain a noncitizen for over a year, with no foreseeable end, without affording him a meaningful opportunity to contest the necessity of that detention."  *Ibrahim v. Rokosky, et al.*, No. 25-cv-17189, 2026 WL 296506, at *3 (D.N.J. Feb. 4, 2026).

20.     This Court will grant the Petition and order Respondents to provide Petitioner with an individualized bond hearing consistent with due process within 7 days of the accompanying Order.

21.     At that hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner's continued detention is necessary because he poses a flight risk or danger to the community. *German Santos*, 965 F.3d at 213-14.[1]

22.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: February 19, 2026

---

[1] As this Court is granting the Petition on Petitioner's due process claim, it need not reach his claim that ICE denied or failed to meaningfully consider parole.